UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------X
```

DEWITT STERN GROUP, INC.,

        Plaintiff,

   - against -

RICHARD EISENBERG and ARTHUR J.
GALLAGHER RISK MANAGEMENT SERVICES,
INC.,

        Defendants.

```
----------------------------------X
```

13 Civ. 3060 (RWS)

OPINION

A P P E A R A N C E S:

      Attorney for Plaintiff DeWitt

      GOLDBERG SEGALLA LLP
      600 Lexington Avenue, Suite 900
      New York, NY  10022
      By:  Peter J. Biging, Esq.

      Attorney for Defendant Eisenberg

      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
      1745 Broadway, 22nd Floor
      New York, NY  10019
      By:  Aaron Warshaw

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

**Sweet, D.J.**

Defendants Richard Eisenberg ("Eisenberg") and Arthur J.
Gallagher Risk Management Services, Inc. ("AJG," together with
Eisenberg, "Defendants") have moved for a pre-motion conference
to request (1) an order bifurcating discovery initially limited
to plaintiff DeWitt Stern Group Inc.'s ("DeWitt" or "Plaintiff")
theory that DeWitt purchased Eisenberg's book of business or, in
the alternative, (2) to compel DeWitt to produce all responsive
discovery, including but not limited to discovery relating to
electronically stored information ("ESI") and emails.

For the reasons set forth below, Defendants' motion is
denied in part and granted in part.

## Prior Proceedings & Facts

The procedural history and facts underlying this
action were previously set forth in opinions by this Court dated
October 29, 2013 and April 9, 2014.  (See Docket Nos. 39, 57.)
Knowledge of the general background of this case is assumed.
The instant motion was heard and marked fully submitted July 2,
2014.

**Discussion**

**Defendants' Motion To Bifurcate Discovery Is Denied**

Rule 42 of the Federal Rules of Civil Procedure allows a court to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize" with regard to "separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). This rule, however, pertains only to the bifurcation of trials, not the bifurcation of discovery that Defendants seek. See, e.g., Koch v. Pechota, 10 Civ. 9152, 2012 WL 2402577, *6 (S.D.N.Y. June 26, 2012).

Defendants argue that the question of whether DeWitt purchased Eisenberg's book of business is a threshold question on which DeWitt's breach of contract and unjust enrichment claims depend. (Def.'s June 13, 2014 Letter at 2.) This question, however, is not the type of issue or claim contemplated by Rule 42. In fact, the cases cited by Defendants in support of their request deal solely with the separation of

3

distinct <u>causes of action</u> into separate trials.[1]  As such,

Defendants' request for bifurcation of discovery is denied.

**Defendants' Motion To Compel Is Denied**

Defendants argue, in lieu of bifurcation, that DeWitt

should be compelled to produce documents responsive to

Defendants' Document Request Numbers 26, 27, 28, 56 and 57,

limited to Eisenberg's book of business as DeWitt intends to

define it and responsive email documents pursuant to the search

term and custodian list that DeWitt first proposed in October

2013.  (Defs.' June 13, 2014 Letter at 7.)  Plaintiff objects to

Defendants' document requests on the basis that they are

overbroad and burdensome.

Rule 26 of the Federal Rules of Civil Procedure allows

parties to obtain discovery "regarding any matter, not

privileged, that is relevant to the claim or defense of any

---

[1] See <u>Oorah, Inc. v. Schick</u>, 552 Fed. App'x. 20 (2d Cir. 2014) (affirming the
bifurcation of two separate claims, one to proceed to a bench trial, the
other to a jury trial); <u>Amato v. City of Saratoga Springs, N.Y.</u>, 170 F.3d 311
(2d Cir. 1999) (affirming lower court's decision to bifurcate claims against
individual police officers on the grounds that, if the jury found liability
on the part of either of the officers, trial against the city and the police
department would immediately commence with the same jury); <u>Ismail v. Cohen</u>,
706 F. Supp. 243 (S.D.N.Y. 1989) (severing Section 1983 claims against the
City of New York, to be tried separately).

party."  Fed. R. Civ. P. 26(b)(1).  The relevance standard is

broad in order "to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any

issue that is or may be in the case."  Oppenheimer Fund, Inc. v.

Sanders, 437 U.S. 340, 351 (1978).  "The broad standard of

relevance, however, is not a license for unrestricted

discovery."  Gucci America, Inc. v. Guess?, Inc., 790 F. Supp.

2d 136, 140 (S.D.N.Y. 2011).  "Rule 26 vests the trial judge

with broad discretion to tailor discovery narrowly and to

dictate the sequence of discovery."  Crawford-El v. Britton, 523

U.S. 574, 598 (1998).


        Defendants' argue, as a threshold matter, that DeWitt

has waived its right to object "given its unabated delay to

review or produce **any** responsive emails."  (Defs.' June 13, 2014

Letter at 6 (emphasis in original).)  Defendants' are correct

that failure to raise timely objections generally results in a

waiver of those objections.  Williams v. Nat'l Hous. Exch. Inc.,

165 F.R.D. 405, 409 (S.D.N.Y. 1996).  However, in this case,

Defendants' served their document requests in July and August

2013, while Plaintiff served written objections and responses on

August 21, 2013, based upon relevance, over breadth, and undue

burden, the same objections Plaintiff raises, in part, in the

instant motion.  (Pl.'s June 20, 2014 Letter at 5.)  As such,

Plaintiff's objects are deemed not to have been waived.

Each of Defendants' document requests will be

addressed in turn.

Document Request 26

Document Request 26 seeks "[a]ny and all documents

concerning any client that Mr. Eisenberg serviced, solicited or

developed during his employment with DeWitt, including, but not

limited to, any support provided by DeWitt to Mr. Eisenberg in

furtherance of such service, solicitation or development."

Plaintiff argues that to review "every record  relating in any

way to Eisenberg's servicing of clients at Dewitt during the

five (5) ½ years he worked there, identifying privilege issues

with respect thereto, and redacting confidential information

contained therein" is an "extraordinary burden."  (Pl.'s June

20, 2014 Letter at 6.)

Document Request 26 shall be modified in the following

manner: "Any and all documents concerning any support provided

6

by DeWitt to Mr. Eisenberg in furtherance of service, solicitation, or development of clients."


Document Request 27


Defendants' twenty-seventh request seeks "[a]ny and all documents concerning Mr. Eisenberg's sale of insurance products on behalf of DeWitt, including, but not limited to: (a) any sales figures; (b) any company-wide metrics; (c) any correspondence between Mr. Eisenberg and the clients he serviced for DeWitt; and (d) any performance evaluations (both from DeWitt and Mr. Eisenberg's clients).  Plaintiffs again object to this request on the basis that it is overbroad and unduly burdensome.


Document Request 27 shall be modified in the following manner: "Any and all performance evaluations (both from DeWitt and Mr. Eisenberg's clients)."


Document Request 28


Document Request 28 seeks "[a]ny and all documents concerning the sale of insurance products by any person in

7

DeWitt's entertainment and media division other than Mr.
Eisenberg, including, but not limited to: (a) any sales figures;
(b) any company-wide metrics; (c) any correspondence between any
DeWitt employee and the clients serviced for DeWitt; and (d) any
performance evaluations (both from DeWitt and its clients).
Plaintiff again objects on the ground that the request is
overbroad and unduly burdensome.  Plaintiff further argues that
the sale of insurance by any other person in DeWitt's
entertainment and media division is irrelevant "to whether
Eisenberg violated his contract by soliciting business he
serviced while at DeWitt, or whether DeWitt should be entitled
to relief as against him because of his conduct otherwise."
(Pl.'s June 20, 2014 Letter at 8-9.)

        Document Request 28 is modified to request any
performance evaluations by DeWitt or its clients.


Document Request 56


        Document Request 56 seeks "[a]ny and all documents
concerning the basis for the allegations in paragraph 3 of the
Johnson Decl. that '[Mr. Johnson] and everyone else in
management at DeWitt take our responsibilities to our clients

and our employees very seriously.  We believe we should treat
them with the utmost dignity and respect, and we believe we
should be treated in the same manner.'  This request shall
include, but is not limited to, any documents where DeWitt's
clients were not treated 'with the utmost dignity and respect.'"
Plaintiff again objects to this request as overbroad and unduly
burdensome.

Document Request 56 is modified to request any
documents referring to treatment of clients without dignity or
respect.

Document Request 57

Document Request 57 seeks "[a]ny and all documents
concerning any DeWitt client that voluntarily elected to cease
doing business with DeWitt for any reason."  Plaintiff again
objects to this request as overbroad and unduly burdensome.

Document Request 57 is modified in the following
manner: "Any and all documents identifying any DeWitt client
that voluntarily elected to cease doing business with DeWitt
during Mr. Eisenberg's employment."

9

## Conclusion

For the reasons stated above, Defendants' letter motion is denied in part and granted in part.

It is so ordered.

**New York, NY,**
**September   //  , 2014**

ROBERT W. SWEET
U.S.D.J.

10